Screw Machine Products Corporation vs. Joseph H. Kiernan, et al. } M. P. No. 1526.

April 17, 1934.

CAPOTOSTO, J. Petition for a refund of a portion of a personal property tax paid in 1932 to the City of Providence. The claim is that through unjust valuation the petitioner was over taxed by $270.74. The jury returned a verdict for the petitioner in the sum of 267.56. The respondents move for a new trial on various grounds, including newly discovered evidence.

In 1932 a new Board of Tax Assessors for the City of Providence assessed a personal property tax against the petitioner in the same amount as had been fixed by the retiring officials in 1931. After paying the tax and not receiving a refund of $270.74, which it claimed, the present suit was instituted in the petitioner's name. Whether the petitioner or an expert accountant is the real complainant is in doubt. The following quotation from the official record of the testimony of Herbert G. Sayer, a public accountant and the pivot of the petitioner's case, will illustrate who the real party in interest may be:

(Cross-examination.)

"Q. (By Mr. Walsh) Have you any interest in the outcome of this case? A. Well, I should say yes. I will get compensation for it.

Q. What interest have you in the outcome of this case? A. That has not been determined.

Q. What do you mean, 'That has not been determined'? A. My bill for my services, according to what I think they are worth.

Q. As a matter of fact, your bill for services is based entirely upon the outcome of this case, isn't it?

A. There won't be any bill for services unless some results are achieved.

Q. In other words, if the jury should return a verdict for the defendant in this case, you get nothing? A. That is true.

Q. Whether or not you employed counsel to represent the petitioner in this case? A. Mr. McOscar.

Q. I say whether or not you employed him. A. I don't understand your question.

(Question read.) A. Yes.

Q. You have a number of cases pending against the City of Providence? A. Yes, sir.

THE COURT: The number of cases he has pending, especially in view of the claim made here that his compensation is contigent upon recovery, question allowed.

A. Yes, there are some other cases.

Q. There are a number of cases, aren't there? A. Well seven or eight, I think.

* * * * * *

Q. As I recall your testimony yesterday—this is probably in reiteration but it is to straighten out my own mind on it—these figures in the return, Mr. Sayer, are figures which you made personally. No one else had anything to do with the making of those figures but yourself? A. No.

(Re-direct examination.)

Q. (By Mr. McOscar) That is what you were paid for, wasn't it? A. Yes.

(Re-cross Examination.)

Q. (By Mr. Walsh) As a matter of fact, you haven't been paid for it? A. What I hope to be."

In substance, the testimony for the petitioner is the result of a mathematical problem. It is founded on book values, which are then separated, dissected, revised, rearranged and in other ways generally manipulated by artificial discounts arbitrarily adopted by the accountant himself. If this method of fixing market value for the valuation of taxable personal property is permissible, no community is safe from mathematical juggling by litigiously inclined individuals.

Under the claim of newly discovered evidence, the respondents question the competency of the foreman of the jury, due to the fact that at some time, either before or after verdict, it was discovered that he was a taxpayer in the City of Providence. Affidavits are on files as to the time when, the sources from which and the persons who discovered this fact. It is unnecessary to delve into this phase of the case for the Court feels that. irrespective of the merits of this particular issue, the petitioner has failed to sustain his claim by a fair preponderance of legal evidence. The case has many indications of a champertous claim based mainly upon the skilful treatment of book values by an expert accountant who engaged counsel for the petitioner and depends upon the successful outcome of the case for compensation.

Motion for new trial granted.

For petitioner: Fergus J. McOsker.

For respondent: John C. Mahoney, John J. Walsh.